UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. :

JULISSA MALDONADO,

    Plaintiff,

v.

SUNRISE CREDIT SERVICES, LLC,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this district, and where Defendant transacts business in this District.

## PARTIES

4. Plaintiff Julissa Maldonado ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach and City of Boca Raton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

6. Defendant, Sunrise Credit Services, LLC ("Defendant") is a limited liability company that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Bank of America consumer loan (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated August 15, 2012.

12. Subsequently, Defendant began placing calls to Plaintiff's cellular telephone.

13. At no time did Plaintiff provide her cellular telephone number to Defendant.

14. Plaintiff did not have the same cellular telephone number at the time the Debt originated, and thus did not provide it to the original creditor at that time.

15. On June 20, 2013, Plaintiff faxed a letter to Defendant demanding Defendant cease and desist from further attempts to contact her.

16. Nevertheless, Defendant called Plaintiff's cellular telephone no less than ten additional times, including at least 3 separate calls on July 22, 2013.

17. Plaintiff told Defendant over the phone several times to stop calling her.

18. When the calls continued, Plaintiff sent another cease and desist fax to Defendant on July 31, 2013.

19. Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

20. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

21. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

22. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

23. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

24. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

25. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

26. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

27. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 26.

28. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

29. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 26.

30. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease further communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d

31.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 26.

32.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding other and further relief as this Court may deem just and proper.

## COUNT V
## VIOLATION OF SECTION 559.72(7) OF THE FCCPA

35. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1 through 26.

36. Defendant violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which could reasonably be expected to abuse or harass Plaintiff or any member of Plaintiff's family.

WHEREFORE, Plaintiff, Julissa Maldonado, by and through her attorneys, respectfully prays for judgment as follows:

a) Adjudging that Defendant violated Fla. Stat. § 559.72(7);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.72(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.72(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.72(2);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 16, 2014

Respectfully submitted,

**JULISSA MALDONADO**

By: Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorney For Plaintiff
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Co-counsel with Thompson Consumer Law Group, PLLC

5235 E. Southern Ave. D106-618
Mesa, AZ 85206
tclg@consumerlawinfo.com